IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND STATE INSURANCE COMPANY et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD LEE DEARDORFF and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 1:10-cv-00004 AWI JLT<br><br>ORDER GRANTING JOINT REQUEST TO AMEND THE SCHEDULING ORDER<br><br>(Doc. 37) |

　　　　On December 29, 2010, Plaintiffs filed a motion to amend the scheduling order related to expert discovery. (Doc. 37) Attached to the motion was an exhibit which made clear that the request was made jointly with Defendant. (Doc. 37, Ex B) The request is due to the fact that neither side's experts were prepared to provide a timely expert report. (Doc. 37) In the meantime, on January 3, 2011, Defendant filed his motion for summary judgment to be heard on February 14, 2011. (Doc. 39)

　　　　On January 6, 2011, the Court held a telephonic hearing related to their joint request. Counsel informed the Court that Plaintiffs would file a cross-motion for summary judgment within a few weeks. Counsel expressed their joint desire to reduce costs associated with the litigation and, toward this end, wish to avoid engaging in expert discovery until after the dispositive motions are decided. Counsel indicated their belief that the dispositive motions will terminate the litigation.

　　　　Counsel stipulated that they would not oppose the motions for summary judgment based upon

the need for additional discovery or upon the need for a determination of a non-dispositive motion now filed or to be filed. Counsel stipulated also that if their dispositive motions did not dispose of the case, neither intended to seek leave to file a successive dispositive motion. Finally, counsel stipulated that modification of the scheduling order at this time would not impact any other dates set forth in the scheduling order and they clarified that the current requested modification was not intended to be a means of justifying future schedule modifications.

Based upon these representations and pursuant to the joint request, the Court finds that the typical rationale for having expert discovery completed *before* the filing deadline for dispositive motions is not present here. Therefore, good cause appearing, the Court **GRANTS** the request to modify the scheduling order (Doc. 47) as follows:

1. The parties will jointly disclose their experts no later than February 25, 2011;
2. The parties will jointly disclose any supplemental experts no later than March 11, 2011.
3. The parties will complete all discovery related to experts no later than March 25, 2011.
4. Any non-dispositive motions will be filed no later than April 1, 2011 and heard no later than April 29, 2011.
5. No other modifications to the scheduling order are authorized at this time.

IT IS SO ORDERED.

Dated:   **January 7, 2011**                                     /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE